a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

STEPHEN ALLEN LUKENS,         CIVIL ACTION NO. 1:17-CV-1635-P
Plaintiff

VERSUS                    JUDGE DEE D. DRELL

RAPIDES PARISH DISTRICT      MAGISTRATE JUDGE PEREZ-MONTES
ATTORNEY'S OFFICE, ET AL.,
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Stephen Allen Lukens ("Lukens"). Lukens was granted leave to proceed *in forma pauperis*. (Doc. 4). Lukens is a pretrial detainee housed at the Rapides Parish Detention Center. Lukens complains that he was not timely charged by indictment or bill of information.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.   Background

Lukens was arrested and incarcerated on July 26, 2017. (Doc. 8). Lukens was not arraigned until December 11, 2017. (Doc. 8). Lukens alleges that he should have been charged by indictment or information within 120 days of his detention. (Docs. 1, 8).

## II.    Law and Analysis

### A.    Lukens's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Lukens is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Lukens's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, Lukens's complaint is also subject to screening under § 1915(e)(2).  Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  Id. at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.    Lukens cannot obtain a release from custody through a § 1983 suit.

Lukens asks that he be released from custody and that all charges against him be dismissed.  (Doc. 1).  A release from custody is not available through a civil rights action, and must be requested through a petition for writ of habeas corpus.  See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dep't of Criminal

2

Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994); Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989). A civil rights suit is the proper procedure for attacking unconstitutional conditions of confinement and prison procedures. See Carson, 112 F.3d at 820; Cook, 37 F.3d at 168 (§ 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749, 750 (2004). Therefore, Lukens's § 1983 complaint should be dismissed.

C.    **The defendants are immune from suit.**

Lukens names as defendants the Rapides Parish District Attorney's Office and District Attorney Phillip Terrell. To the extent that Lukens seeks monetary damages from Defendant Terrell or the District Attorney's Office, his claim fails.

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Additionally, Louisiana law does not permit a district attorney's office to be sued in its own name. Nor is the office a person capable of being sued under § 1983.

Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999), cert. denied, 582 U.S. 1004 (1999).

>    **D.    Lukens does not allege the violation of a constitutional right.**

Finally, Lukens does not allege the violation of a constitutional right.  Rather, Lukens complains that he was not formally charged by indictment or information within 120 days, which is a provision of Louisiana law.  See La. Code Crim. Proc. art. 701.

## III.   Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Lukens's § 1983 complaint be DENIED and DISMISSED with prejudice pursuant to §§ 1915(e)(2) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 8th day of February, 2018.

                                   Joseph H.L. Perez-Montes
                                   United States Magistrate Judge